UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAVID MEAD | ) | |
|     Plaintiff | ) | |
|   vs. | ) | Case No.  1:05CV02316 |
| SUE ANN MAHAFFEY, et al. | ) | Judge Emmet G. Sullivan |
|     Defendant | ) | |

**MOTION TO DISMISS**
**(Lack of Subject Matter Jurisdiction)**

Comes now the Defendant, YONA MEAD, and moves this Honorable Court to dismiss the action brought by Plainiff DAVID MEAD, pursuant to Rule 12(h)(3), and as reasons therefor states as follows:

The Plaintiff has invoked the jurisdiction of this court alleging that the action is "between citizens of different states" (Complaint ¶1) and that the "subject matter is founded on diversity of citizenship" (Complaint ¶2).

Jurisdiction founded upon diversity of citizenship requires that there be complete diversity between the Plaintiff and all Defendants.  As Plaintiff states his address to be in Maryland, and there are at least six Defendants who are alleged to be Maryland residents, there is no diversity for purposes of 28 U.S.C.A. §1332.

The reasons for Defendant's Motion to Dismiss are more fully set forth in the Memorandum of Points and Authorities attached hereto to be read herewith.

WHEREFORE, the Defendant YONA MEAD prays that this Honorable Court dismiss the Plaintiff's Complaint, with prejudice.

Respectfully submitted,


/s/ Alan B. Frankle
_____
ALAN B. FRANKLE    Bar # 251173
751 Rockville Pike
Suite 7
Rockville, MD 20852
(301) 217-0505
(301) 294-0508 (fax)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAVID MEAD | ) | |
|     Plaintiff | ) | |
|   vs. | ) | Case No.  1:05CV02316 |
| SUE ANN MAHAFFEY, et al. | ) | Judge Emmet G. Sullivan |
|     Defendant | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF MOTION TO DISMISS**

Comes now the Defendant, YONA MEAD, and as and for her Memorandum of Points and Authorities in Support of Motion to Dismiss on Behalf of Defendant Yona Mead, states as follows:

1. This suit was brought by the Plaintiff David Mead against eleven defendants, alleging various causes of action against each of them.   The Plaintiff bases the jurisdiction of this court on diversity of citizenship.   In Paragraph 1 of his Complaint the Plaintiff refers to 28 U.S.C.A. §§ 1332(a)(1), 1332(a)(2) and 1332(a)(3). [1] He repeats his allegation of jurisdiction in Paragraph 2 where he discusses venue by stating "subject matter is founded upon diversity of citizenship."

2. A review of the parties to this lawsuit clearly shows that there is no diversity between the Plaintiff and the Defendants.

---

[1] In his jurisdiction paragraph the Plaintiff makes reference to 28 U.S.C.A. §1331 (Federal Question) but there are no allegations within the Plaintiff's Complaint that give rise to federal question jurisdiction.  As a result, the only possible basis for jurisdiction of this court would be by diversity.

Plaintiff appears to be a citizen of Maryland, setting forth his address as 8204 Moorland Lane, Bethesda, Maryland 20817.  Defendants Sue Ann Mahaffey, Chao W. Chen, Kathleen Sheeran, Agent of Weichert Realtors,  Nasser Shahparast, Agent of Royal Investment Group LLC, Timothy Crowley, Principal of Remax Realtors ,and Kathleen Tiong, Agent of Remax Realtors, are likewise residents of Maryland.

3. The interpretation of 28 U.S.C.A. §1332 has consistently required that in order for the federal courts to exercise its diversity jurisdiction the must be "complete" diversity, meaning that all plaintiffs must be diverse from all defendants.   Beginning with Justice Marshall's opinion in *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806) the courts have read the statutory formulation "between . . . citizens of different states" as requiring there to be complete diversity between all plaintiffs and all defendants.  Two hundred years of similar interpretations necessitate that if the Plaintiff is invoking diversity jurisdiction he cannot name any Defendant who is a citizen of Maryland.  See, *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 117 S.Ct. 467 (1996); *Lincoln Property Co. V. Roche*, 126 S.Ct. 606 (2005).

4. This court is one of limited jurisdiction only.  The Plaintiff has failed to meet the requirements of invoking diversity jurisdiction pursuant to 28 U.S.C.A. §1332.  There is no complete diversity between the Plaintiff and the Defendants.  As such, this court does not have subject matter jurisdiction to hear Plaintiff's case

5. Rule 12(h)(3) provides that "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  There is no subject matter jurisdiction for the court to entertain the Plaintiff's action.  As a result, the court must dismiss the Plaintiff's case.

WHEREFORE, Defendant Yona Mead prays that this Honorable Court dismiss the Plaintiff's complaint.

Respectfully submitted,

/s/ Alan B. Frankle
ALAN B. FRANKLE   Bar # 251173
751 Rockville Pike
Suite 7
Rockville, MD 20852
(301) 217-0505
(301) 294-0508 (fax)