UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA CIVIL DIVISION

| | |
|---|---|
| DAVID MEAD<br>8204 Moorland Lane<br>Bethesda, Maryland, 20817<br><br>        Plaintiff,<br>Vs.<br><br>Sue Ann Mahaffey, et al.<br><br>        Defendant | Case Number 05CV02316<br><br>(EGS) |

### Memorandum in Opposition to Motion to Dismiss

Pursuant to LCvR 7 (a) (b) (c) of the Local Rules and Rules 7 (b) and 11 (a) (b) of the Federal Rules of Civil Procedure and this Court's inherent authority, Plaintiff David Mead, Pro Se hereby files this Memorandum in Opposition to Defendant Mahaffeys' Motion to Dismiss. In support of this Memorandum and in compliance with LCvR7, Plaintiff submits the attached Memorandum of Points and Authorities, including Plaintiffs attached Affidavits of Denise McRae and Nattonnia Ross, and the U.S District Courts' Order Denying Motion to Sell Property (See Exhibit A, B and C respectively).

Respectfully submitted,

*/s/ David Mead*

David Mead
8204 Moorland Lane, Bethesda, Md. 20817
P.O. Box 30006 Bethesda, Md. 20824
301/ 656. 2516 (o) 301/656.1593 (f)

RECEIVED

JAN 2 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

<u>**MEMORANDUM OF POINT AND AUTHORITIES**</u>

<u>**IN SUPPORT OF MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS**</u>

Comes now the Plaintiff, DAVID MEAD, and as for his Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss, states as follows:

1. Defendants' motion to dismiss is based on lack of "complete" diversity. While it is certainly true that *Strawbridge* and 28 U.S.C. 1332 have upheld complete diversity, it's also true that decisions regarding jurisdiction are more complex with larger numbers of multiple parties. In this case, there are eleven (11) defendants from four diverse jurisdictions. The intent behind the grant of diversity in Article III, *Strawbridge* and 28 U.S.C. 1332 was to provide a neutral forum to protect out-of-state litigants against bias. That does not apply in case where the plaintiff and defendant both reside in Maryland and where the plaintiff has been repeatedly denied a fair an unbiased forum in Maryland (See paragraphs' 70-71 page 14 , 96-99 page 18 etc. in complaint). Neither *Strawbridge* nor 28 U.S.C. 1332 ever intended to render completely inflexible the discretion of this Court in matters of jurisdiction.

2. There is currently before this Court a Motion to Amend the Complaint by voluntarily joining Jenise McRae as an additional plaintiff (See Motion to Amend and Amended Complaint attached). Ms. McRae is the victim of numerous Civil Rights Violations under 42 U.S.C. 1985. The original complaint specifically cited the 42 U.S.C. 1985 violations as a basis for the complaint and details those violations in the body of the original complaint (See Affidavits of Denise McRae and Nattonnia Ross as Exhibits D and E to the original complaint. The Amended Complaint more fully and clearly establishes jurisdiction as a Federal Question under the 42 U.S.C. 1985 violations as it

was intended to do in the original complaint.

3. A case of actual controversy exists between the parties pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure. Absent a Declaratory Judgment from this Court, plaintiff will continue to be adversely affected by co-defendants actions. The Federal Bankruptcy Act, 11 U.S.C. 46 also provides an exception in most cases where citizenship governs for purposes of diversity jurisdiction. Under the Bankruptcy Act, it is the citizenship of the bankrupt rather than the citizenship of the trustee in bankruptcy that is determinative for diversity jurisdiction, see *Bush v. Elliot*, 1906, 26 S.Ct. 668, 202 U.S. 477, 50 L.Ed. 114. Plaintiff is a resident of Maryland. Defendant Mead is a resident of the District of Columbia. Defendant filed for bankruptcy in the U. S. Bankruptcy Court for the District of Maryland on March 4, 2002 (case # 02-12644). On October 15, 2004, the Honorable Paul Mannis heard a motion brought by defendant Mahaffey and Mead seeking authorization to sell plaintiffs' home at 8204 Moorland Lane, Bethesda, Md. which is the basis for this complaint (See Count V, Declaratory Relief, pages' 32-33 paragraphs 146-151). After hearing all the evidence, Judge Mannis Ordered that the defendants' motion be Denied without prejudice to the filing of an Adversary Proceeding by Defendant Mahaffey (See Judge Mannis' Order attached as Exhibit H in the complaint. From October 15, 2004 through June 25, 2005 (8 months) defendant Mahaffey refused to file the Adversary Proceeding in accordance with the Order. On June 22, 2005, in lieu of defendants' failure to act, plaintiff filed the underlying Adversary Proceeding to have the sale of the home properly decided by the U.S. Bankruptcy Court (case # 05-01314). In a fraudulent calculation to defeat the hearing before the U.S. Bankruptcy Court from taking place, the co-defendant's conspired by

dismissing the Chapter 11 case (02-12644) in July 12, 2005 (see Exhibit J in original complaint), which defeated the underlying Adversary Proceeding as moot. The Federal Declaratory Judgment Act, 28 UI.S.C. 2201 and 2002 is a federal question that is clearly a substantive basis for the Courts' jurisdiction over this matter.

4.      Counts I, II and IV are also properly before this Court because of pendant jurisdiction. Having substantiated jurisdiction arising under the Federal Civil Rights Act, 42 U.S.C. 1955, the Federal Declaratory Judgment Act, 28 U.S.C. 2201, 2202 and the Federal Bankruptcy Act, 11 U.S.C. 26 in Count III and Count V in the original and Amended complaint, there is justifiably Pendent Jurisdiction over state matters as it applies to Counts I, II and IV in the complaint.

Modern case law on pendent jurisdiction begins in 1966 with *United Mine Workers of America v. Gibbs,* which broadened pendant jurisdiction, *Ford Motor Company v. Wallenius Lines,* D.C. Va. 1979, 476 Fed. Supp. 1362, 1367. The majority of cases have held that the dictates of '"judicial economy, convenience, fairness and comity are better served by recognizing pendent jurisdiction" *Jackson v. Stinchcomb,* C.A. 5th, 1981 635 F.2d 462, 472. It has long been held that the Article III grant is broader than merely a grant over federal 'claims' but encompasses all claims in 'cases' arising under federal law, *Lentino v. Fringe Emp. Plans, Inc.,* C.A. 3d, 1979 611 f.2d, 474, 478., *Carnegie Mellon University v. Cohill,* 1988, 108 S. Ct. 614, 618, 484 U.S. 343, 348, 98 L.Ed. 2d 720. In this case if pendent jurisdiction were not granted for Counts I,II and IV, two parallel cases would be required to justly resolve this complaint, one in the Federal District Court for Counts III and V, and a second in the D.C. Superior Court for Counts I, II and IV.

In 1990, Congress codified the doctrines of "pendent jurisdiction" and "ancillary

jurisdiction" under the name "supplemental jurisdiction". That jurisdiction extends to the limits of Article III stating jurisdiction "shall include claims that involve joinder of additional parties" as in the Amended Complaint. The principal purpose of the statute was to permit pendent-party jurisdiction, at the least in federal question cases. In this case, there clearly are Federal Questions separate from the rule of complete diversity. Further, Justice Rehnquist, in *Aldinger v. Howard*, 1976 refused "to formulate any general, all encompassing rule" and instead to focuse squarely on the precise problem before this Court.

WHEREFORE, for all the above reasons and substantive law, plaintiff prays that this Honorable Court deny defendants' motion to dismiss and instead uphold the jurisdiction of this Court under the Federal Civil Rights Act, 42 U.S.C. 1955, the Federal Declaratory Judgment Act, 28 U.S.C. 2201, 2202 and the Federal Bankruptcy Act, 11 U.S.C. 26 as to Counts III and V and to extend pendent jurisdiction to Counts I, II and IV.

WHEREFORE, plaintiff also respectfully requests that this Honorable Court schedule an oral hearing on the current motion before the Court

Respectfully submitted,

By: _____
David Mead, Pro Se
8204 Moorland lane
Bethesda, Md. 20817
301/656.2516

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID MEAD )<br>8204 Moorland Lane )<br>Bethesda, Maryland, 20817 )<br>            ) <br>            Plaintiff,   )<br>Vs.         )<br>            )<br>Sue Ann Mahaffey, et al  )<br>            )<br>            Defendant )<br>_____) | Case Number 05CV02316<br><br>(EGS) |

## ORDER DENYING MOTION TO DISMISSS

UPON CONSIDERATION of Defendant Mahaffeys' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Plaintiff's Memorandum in Opposition thereto and the record herein, it appearing to this court that though there is not "complete" diversity, there are substantial Federal Questions established under Federal Civil Rights Act, 42 U.S.C. 1955, the Federal Declaratory Judgment Act, 28 U.S.C. 2201, 2202 and the Federal Bankruptcy Act, 11 U.S.C. 26 in the original complaint and further re-stated and clarified in the Amended Complaint, it is this _____ day of _____, 2006 by the United States District Court for the District of Columbia

ORDERED, that defendant's motion to dismiss for lack of subject matter jurisdiction is hereby denied, and it is further,

ORDERED, that Plaintiff has sufficiently established Federal Jurisdiction under Federal Civil Rights Act, 42 U.S.C. 1955; Federal Declaratory Judgment Act, 28 U.S.C. 2201, 2202 and, Federal Bankruptcy Act, 11 U.S.C. 26 and it is further,

ORDERED, that pendent jurisdiction is extended to state claims under Counts

Counts I, II and IV in the original complaint.

EMMET G. SULLIVAN, JUDGE
United States District Court for the District of Columbia

Respectfully submitted,

_David Mead_
David Mead
8204 Moorland Lane, Beth. Md. 20817
P.O. Box 30006 Bethesda, Md. 20824
301/ 656. 2516 (o) 301/656.1593 (f)

Copies to:

Sue Ann Mahaffey
Stein, Sperling and Bennett, Etc
25 West Middle Lane
Rockville, Maryland, 20850

Shahram Roudi
First Nationwide Management
and Leasing, Inc.
5125 MacArthur Boulevard, # Suite 41
Washington, D.C. 20016

Chao W. Chen
258 B. Market Street East
Gaithersburg, Maryland 20878

Weichert Realtors, Inc.
225 Littleton Road,
Morris Plains, New Jersey, 07950

Kathleen Sheeran, Agent
Weichert Realtors
6610 Rockledge Drive, Suite 100
Bethesda, Maryland 20814

David Mead
8204 Moorland Lane, Beth. Md. 20817
P.O. Box 30006 Bethesda, Md. 20824

Royal Investment Group LLC
a/k/a Foreclosure Real Estate
13799 Park Boulevard N. # 258
Seminole, Florida, 33776

Timothy Crowley, Principal
Remax Realtors
6 Montgomery Village Avenue #200
Gaithersburg, Maryland 20879.

Kathleen Tiong, Agent Remax Realtors
6 Montgomery Village Avenue, # 200
Gaithersburg, Maryland 20879

Yona Mead
5176 Linnean Terrace, N.W.
Washington, D.C 20008

Nasser Shahparast, Agent,
Royal Investment Group LLC
5301 Goldsboro Road
Bethesda, Md., 20817

# CERTIFICATE OF SERVICE
## MEMORANDUM IN OPPOSITION OF MOTION TO DISMISS

    I hereby certify that on the January 30, 2006 I mailed a true copy of the Memorandum in Opposition to Motion to Dismiss, with Points and Authorities and proposed Order to:

Sue Ann Mahaffey
Stein, Sperling and Bennett, Etc
25 West Middle Lane
Rockville, Maryland, 20850

Shahram Roudi
First Nationwide Management
and Leasing, Inc.
5125 MacArthur Boulevard, # Suite 41
Washington, D.C. 20016

Chao W. Chen
258 B. Market Street East
Gaithersburg, Maryland 20878

Weichert Realtors, Inc.
225 Littleton Road,
Morris Plains, New Jersey, 07950

Kathleen Sheeran, Agent
Weichert Realtors
6610 Rockledge Drive, Suite 100
Bethesda, Maryland 20814

Nasser Shahparast, Agent,
Royal Investment Group LLC
5301 Goldsboro Road
Bethesda, Md., 20817

Royal Investment Group LLC
a/k/a Foreclosure Real Estate
13799 Park Boulevard N. # 258
Seminole, Florida, 33776

Timothy Crowley, Principal
Remax Realtors
6 Montgomery Village Avenue #200
Gaithersburg, Maryland 20879.

Kathleen Tiong, Agent  Remax Realtors
6 Montgomery Village Avenue, # 200
Gaithersburg, Maryland 20879

Yona Mead
5176 Linnean Terrace, N.W.
Washington, D.C 20008

_____
DAVID MEAD