UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DAVID MEAD** | ) | |
| Plaintiff | ) | |
| vs. | ) | Case No. 1:05CV02316 |
| **SUE ANN MAHAFFEY, et al.** | ) | Judge Emmet G. Sullivan |
| Defendant | ) | |

## MOTION TO DISMISS
(Lack of Subject Matter Jurisdiction)

Comes now the Defendant, YONA MEAD, and moves this Honorable Court to dismiss the action brought by Plainiff DAVID MEAD, pursuant to Rule 12(h)(3), and to Rule 12(b)(6) and as reasons therefor states as follows:

Plaintiff DAVID MEAD has filed an Amended Complaint in an attempt to cure the jurisdictional deficiencies in his original complaint.  In order to do so, he has added a second party-plaintiff and set forth allegations that this new Plaintiff, Jenise McRae, has had her rights violated under various Civil Rights laws in 42 U.S.C.  Mr. Mead has failed to resolve his jurisdictional problems as no where in his Amended Complaint is there any allegation that any of his rights arising out of federal statute or the Constitution have been violated.

Plaintiff DAVID MEAD has set forth no new basis for his invoking this court's jurisdiction.  He is not entitled to enter this court by way of its federal question jurisdiction, and, as is set forth in this Defendant's previous Motion to Dismiss, cannot use this court's diversity jurisdiction.  As a result, DAVID MEAD's Amended Complaint is as jurisdictionally deficient as his original complaint, and the Amended Complaint

should be dismissed.

The reasons for Defendant's Motion to Dismiss are more fully set forth in the Memorandum of Points and Authorities attached hereto to be read herewith.

WHEREFORE, the Defendant YONA MEAD prays that this Honorable Court dismiss the Plaintiff's Complaint, with prejudice.

Respectfully submitted,

/s/ Alan B. Frankle
ALAN B. FRANKLE     Bar # 251173
751 Rockville Pike
Suite 7
Rockville, MD 20852
(301) 217-0505
(301) 294-0508 (fax)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID MEAD ) | |
|     Plaintiff ) | |
|   vs. ) | Case No.  1:05CV02316 |
| SUE ANN MAHAFFEY, et al. ) | Judge Emmet G. Sullivan |
|     Defendant ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS**

Comes now the Defendant, YONA MEAD, and as and for her Memorandum of Points and Authorities in Support of Motion to Dismiss on Behalf of Defendant Yona Mead, states as follows:

1. This suit was brought by the Plaintiff David Mead against eleven defendants, alleging various causes of action against each of them.   In his original complaint, the Plaintiff based the jurisdiction of this court on diversity of citizenship.   By leave of court, the Plaintiff filed an Amended Complaint in which he seeks to cure his jurisdictional deficiencies by adding a second Plaintiff, Jenise McRae.

2. As was previously discussed in her Motion to Dismiss the original complaint, incorporated herein, this Defendant set forth the Plaintiff's inability to use the court's diversity jurisdiction.   The Plaintiff failed to have completely diverse Plaintiffs and Defendants  as required by 28 U.S.C.A. §1332.  *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806); *See*, *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 117 S.Ct. 467 (1996); *Lincoln Property Co. V. Roche*, 126 S.Ct. 606 (2005).

3. Now, the Plaintiff is seeking to invoke this court's federal question jurisdiction as set forth in 28 U.S.C.A. §1331. Mr. Mead has provided the court with no allegations of a violation of the Constitution, laws or treaties of the United States with respect to him. To be sure, there are allegations that Ms. McCrae is a "protected person" under 42 U.S.C. §1985, but the Amended Complaint is devoid of any claims or causes of action that Mr. Mead is a "protected person" or that he has suffered some damage giving rise to a federal cause of action.

4. The Amended Complaint is really two complaints: Mr. Mead's complaint and Ms. McCrae's complaint. Mr. Mead and Ms. McCrae are not similarly situated, nor are their causes of action the same. Mr. Mead's complaint alleges no federal cause of action whatsoever concerning him and his claims should not be recognized by this court.

5. Mr. Mead's Amended Complaint should be seen by this Court for what it is–a transparent attempt to "bootstrap" his lack of federal question jurisdiction on to Ms. McCrae's alleged claims. This he cannot do. He maintains no federal cause of action and as a result he cannot invoke this Court's federal question jurisdiction. His Amended Complaint does not cure the lack of diversity jurisdiction.

6. In short, Mr. Mead's Amended Complaint cannot be used by him to invoke either the Court's federal question jurisdiction or its diversity jurisdiction. This Court, being a court of limited jurisdiction, should recognize that Mr. Mead cannot use this Court to obtain the relief which he is requesting and dismiss his Amended Complaint.

Respectfully submitted,

/s/ Alan B. Frankle
ALAN B. FRANKLE    Bar # 251173
751 Rockville Pike
Suite 7
Rockville, MD 20852
(301) 217-0505
(301) 294-0508 (fax)

.