UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID MEAD )<br>8204 Moorland Lane )<br>Bethesda, Maryland, 20817 )<br>)<br>            Plaintiff, Pro Se )<br>)<br>Vs. )<br>)<br>Sue Ann Mahaffey, et al. )<br>)<br>            Defendant )<br>) | Case Number 05CV02316<br><br>(EGS) |

## MEMORANDUM TO DEFENDANTS REPLY TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT

Comes now the Plaintiff, David Mead and responds to Defendants Mead's Reply to Defendant Mahaffeys' Opposition to Plaintiffs' Motion for Leave to Amend and states as follows:

1.    Plaintiff has never suggested that he represents Jenise McRae, as the defendants would have this Court believe. On the contrary, the plaintiff has repeatedly advised the defendants that when Jenise McRae was added to the complaint (see January 19, 2006 letter to defendants as Exhibit 1), plaintiff would no longer be able to solely negotiate a settlement with defendants. Nor has plaintiff ever claimed to be the victim of 42 U.S.C. violations as the defendants would have this Court believe.

2.    Affiants McRae and Ross are indeed persons protected under 42 U.S.C., as fully articulated in the original and Amended Complaints. Plaintiff has

RECEIVED
MAR 2 1 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

never suggested to be protected under that statute. Ms. Jenise McRae was not listed in the original complaint because the plaintiff faced a timeliness issue in filing the original complaint. The defendants, through artifice, had sought to circumvent a U.S. Bankruptcy Court Order denying their Motion for Authority to Sell Real Property (see attached Order attached as Exhibit 2 which is the subject of Count 5 in this Complaint) by seeking instead a Declaratory Judgment in the Montgomery County Circuit Court. That case was scheduled for a hearing on December 2, 2005. (see attached Exhibit 3). When plaintiff learned of the hearing, he hastily filed the complaint on December 1, 2005, albeit incomplete in the naming of the parties to prevent the circumvention of the U.S. Bankruptcy Court Order.

3.  The Complaint was amended to belatedly but properly identify Ms. McRae as one of several victims of 42 U.S.C. violations as set forth in Counts Three and Four of the original and Amended Complaint. It is abundantly clear from the original and Amended Complaint that Counts 1 through 5 fully articulate federal Question jurisdiction, notwithstanding the fact that Ms. McRae and her family were not named as plaintiffs' in the complaint because of time constraints as articulated in paragraph 2 above.

4.  Ms McRae comes from a low-income, underprivileged, African-American family and from a social underclass that neither the defendants nor their representatives appear to understand or empathize with. It is plaintiffs understanding that Ms. McRae will soon have her own representation. Plaintiff indulges this Court in the interest of substantial justice to allow a voice to be given to the voiceless underclass until proper representation by counsel is soon obtained.

Respectfully submitted,

*[signature]*

David Mead
8204 Moorland Lane, Bethesda, Md. 20817
P.O. Box 30006 Bethesda, Md. 20824
301/ 656. 2516 (o) 301/656.1593 (f)

### CERTIFICATE OF SERVICE

I hereby certify that on the March 22, 2006 I mailed a true copy of Memorandum to Defendants' Reply to Plaintiffs' Motion for Leave to Amend to:

Sue Ann Mahaffey
Stein, Sperling and Bennett, Etc
25 West Middle Lane
Rockville, Maryland, 20850

Shahram Roudi
First Nationwide Management
and Leasing, Inc.
5125 MacArthur Boulevard, # Suite 41
Washington, D.C. 20016

Chao W. Chen
258 B. Market Street East
Gaithersburg, Maryland 20878

Weichert Realtors, Inc.
225 Littleton Road,
Morris Plains, New Jersey, 07950

Kathleen Sheeran, Agent
Weichert Realtors
6610 Rockledge Drive, Suite 100
Bethesda, Maryland 20814

Royal Investment Group LLC
a/k/a Foreclosure Real Estate
13799 Park Boulevard N. # 258
Seminole, Florida, 33776

Timothy Crowley, Principal
Remax Realtors
6 Montgomery Village Avenue #200
Gaithersburg, Maryland 20879.

Kathleen Tiong, Agent  Remax Realtors
6 Montgomery Village Avenue, # 200
Gaithersburg, Maryland 20879

Yona Mead
5176 Linnean Terrace, N.W.
Washington, D.C 20008

Nasser Shahparast, Agent,
Royal Investment Group LLC
5301 Goldsboro Road
Bethesda, Md., 20817

*[signature]*

DAVID MEAD

# EXHIBIT 1

# David Mead
## 8204 Moorland Lane, Bethesda, Md. 20817
## P.O. Box 30006, Bethesda, Md. 20824
## 301. 656. 2516 (o) 301.656.1593 (f)david.mead@comcast.net

---

### VIA FACSIMILE 301.838.3250

### PERSONAL AND CONFIDENTIAL FOR NEGOTIATION PURPOSES

January 19, 2006

Ms. S.A. Mahaffey
Stein, Sperling, Bennett, etc.
25 West Middle Lane
Rockville, Maryland 20850

                          Re:    Federal District Court # 1:05CV02316
                                  Circuit Court # FL13261

Dear Ms. Mahaffey:

     I am writing this letter in response to your emails dated January 5th and 10th, 2006. I will begin by attempting to dispense with a few contemporaneous issues and then I will proceed to address the longer-term issues from a global perspective.

     <u>Furniture.</u> There are several issues on this point. First, the reference to the "remaining" furniture causes me great distress. Obviously, there has been major theft of personal belongings from my home since the time that you and Weichert took control, as evidenced by the thefts that you reported to the Bethesda Police, and my subsequent conversations with them. I don't know how much of my personal belongings remain, but I will need access to my home at some point to take pictures of the interior in order to compare them with the photographs that were taken when my daughter and I both vacated the home. Second, it's not necessary, nor is it advisable for you to remove any of my personal belongings from the home because I fully expect to prevail in the Federal District Court action and I will eventually be re-taking possession of the property. Third, there is a Lis Pendens that I filed on the property several months ago which will be updated very soon to reflect the pending complaint in the Federal District Court. Almost needless to say, it would be highly improper for you to attempt another transfer at this time. Fourth, if I should learn that either you or Weichert are attempting to again transfer the property during the litigation, I will not hesitate to take swift action at both the Circuit Court and federal court levels to prevent such an

occurrence. I would prefer that it does not come to that, but your actions will determine whether that will be necessary.

<u>Repairs.</u> I am concerned about your reference to "repairs". When the home was first marketed by Weichert in June, 2004, it was to be sold in an "as is" condition. Does your reference to making the repairs mean that you have been planning to do additional improvements to market the home, or has there been damage done to the home during the time that it has been vacant for the last 18 months? If there has been damage, has it been reported to the insurance company as it should have been? I would appreciate you letting me know the status of these questions.

With regard to the longer-term perspective, I am in receipt of your email comments about your desire to see the case dismissed, and I take your comments as a suggestion for a possible, early, out of court settlement. Perhaps I am correct in this assumption. As you may know, federal law suits are very expensive propositions. When you add in a jury trial as in this case, it's not just expensive, but the outcome is highly uncertain, even under the best of defensive postures, particularly with the weight of the substantive facts and the nature of the complaint. In regard to litigation expenses, I will soon be filing a Witness List in accordance with the federal rules. At the present time, I have identified 36 witnesses that I will call, including Judges' Ann Harrington and James Ryan of your Circuit Court, and the Honorable Judge Paul Mannis of the Federal District Court in Maryland. Requests for admissions will soon follow after that. If there is a time to talk about an early court settlement, I would imagine the time is now. The further into the litigation that we go, the less likely of a negotiated settlement.

Regarding my own short and longer-term view of the case, it is at balance: on the one-hand, I am deeply motivated to see this case through to trial, given the longevity of all the facts, the wrong-doing, and above all else, to achieve a just resolution in a fair and unbiased legal forum. Much has been lost during this time at my personal expense. And much personal harm has been visited upon my daughter and others. On the other hand, I have no particular axe to grind, and for wisdoms' sake, with all other things being equal, it would be better to resolve the matter sooner rather than later. Either way though, it is justice now, or justice later, but justice will be done for the plaintiff(s). That's how I see it.

There are ten defendants in this case, excluding the "Royal Investment Group". Although you do not represent or speak for the other defendants, my assumption is that given the breadth, the substance and the potential consequences of this action on the co-defendants, they may not want to see this case through to a trial either. I should mention at this point that within the next 30 days, I will be filing a motion to Amend the Complaint, by adding additional plaintiffs to round out the complaint, and by possibly adding additional torts at that time as well.

In terms of the substance of a potential out of court settlement, I have estimated that when it is all said and done that I will have incurred about $500,000 in actual

damages, which includes the wholesale losses incurred during the tenured sale of the District of Columbia properties, the carrying costs of the Moorland Lane property, rental payments made by the plaintiff during this time, the legal expenses, etc. Naturally, this estimate does not include the still undetermined emotional harm that has been inflicted on my daughter and others, or the civil rights abuses that are identified in the complaint. With so many defendants in this case, that burden, however weighed or shifted among individual defendants, may be feasible for the co-defendants given the other alternatives.

As mentioned, I expect to amend the Complaint within the next 30 days. At that point, with separate lawyers representing the additional plaintiffs, I will have lost the ability to resolve the entire complaint on my own devices. In that regard, if you and the other defendants are interested in an early out of court settlement as it appears to me that you are, I would be willing to consider such an arrangement. If that is so, then it would be advisable for you to discuss this matter with your co-defendants and let me know your joint or separate positions on the matter as soon as possible.

Sincerely,

David Mead

# EXHIBIT 2

**SO ORDERED**

Date signed November 09, 2004



/s/ Paul Mannes
PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

IN RE:                              :
                                    :
YONA MEAD                           :   Case No. 02-12644PM
                                    :   Chapter 11
         Debtor                     :
- - - - - - - - - - - - - - - - - - :

### ORDER DENYING MOTION
### FOR AUTHORITY TO SELL REAL PROPERTY

Upon consideration of the Debtor-in-Possession's Motion for Authority to Sell Real Property and the record herein, and it appearing to the court that the proposed sale can only be imposed upon the co-owner by means of an order entered in an adversary proceeding pursuant to 11 U.S.C. § 363(h), it is, by the United States Bankruptcy Court for the District of Maryland,

ORDERED That the Motion is denied without prejudice to the filing of an adversary proceeding that may be processed on an expedited basis.

cc:
Jonathan P. Morgan, Esq., 50 West Edmonston Drive, Suite 600, Rockville, MD 20852
Stephen A. Metz, Esq., Shulman Rogers, 11921 Rockville Pike, Rockville, MD 20852
Yona Mead, 5176 Linnean Terrace, N.W., Washington, DC 20008
David Mead, 8204 Moorland Lane, Bethesda, MD 20817
Brian Barkley, Esq., 51 Monroe Street, Rockville, MD 20850
United States Trustee, 6305 Ivy Lane, #600, Greenbelt MD 20770

**End of Order**

# EXHIBIT 3

**FROM:**
ASSIGNMENT COMMISSIONER
50 MARYLAND AVENUE, ROOM-110
ROCKVILLE, MD 20850
240-777-9000

TAB

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

Family Law-13251   YONA MEAD -V- DAVID MEAD
THE ABOVE ENTITLED CASE HAS BEEN SET ON Friday, December 2, 2005 AT
09:30 AM FOR MOTION/JUDGEMENT ENTRY/OPA2

DATE OF THIS NOTICE: 10/14/2005

**TO:**
DAVID MEAD
8204 MOORLAND LANE
BETHESDA MD 20817