## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA CIVIL DIVISION

David Mead                      )
8204 Moorland Lane              )
Bethesda, Maryland, 20817       )
                                )
    Plaintiff, Pro Se         )
                                )
Jenise McRae                    )
1814 North Capitol St., N.W. #3 )
Washington, D.C. 20001          )
                                )
    Plaintiff, Pro Se         )
vs.                             )
                                )
Sue Ann Mahaffey, et al.        )
                                )
    Defendant        )

**RECEIVED**

APR − 6 2006

Case Number 05CV02316

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(EGS)

### OPPOSITION TO MOTION(S) TO DISMISS

    Comes now the Plaintiff, David Mead, and in Opposition to defendants' Motions to Dismiss, opposes defendant(s) multiple motions to dismiss based on Lack of Subject Matter Jurisdiction, and for grounds thereof states as follows:

    1.    Plaintiff filed the Original Complaint on December 1, 2005. The complaint was Amended on January 27, 2006 by adding Jenise McRae as an additional Plaintiff. As stated elsewhere in the record, Jenise McRae was inadvertently omitted in the original complaint. The Amended Complaint fully and clearly establishes Jenise McRae in the Complaint as a victim of the cited 42 U.S.C. Section 1985 human rights violations as set forth in Counts Three and Four of the Original and Amended Complaints, and in the Affidavit of Denise McRae, the deceased mother of Jenise McRae.

    2.    The violations to plaintiff Jenise McRae and family under the Federal Civil Rights Act, 42 U.S.C. 1985, along with Plaintiff Mead's previously established

jurisdiction under the Federal Declaratory Judgment Act, 28 U.S.C. 2201, 2202; the Federal Bankruptcy Act; 11 U.S.C. 26; and 1990 Congressional Statute "Supplemental Jurisdiction" have clearly established federal jurisdiction. The grounds for federal jurisdiction are fully and substantively set forth in Counts One through Five of the Original and Amended Complaints.

3.    On March 12, 2006, Plaintiff requested the defendants consent to add Title VIII of the Federal Housing Act of 1968 and Amendments as an additional jurisdictional basis (See Exhibits 1, 2, 3 and 4 attached herein). Title VIII of the federal Housing Act was overlooked at the time of filing the original complaint, but the grounds thereof were fully established as set forth in Counts One, Two and Five of the Complaints.

4.    As stated in plaintiffs' request, the violations occurred during the attempted transfer of Plaintiffs' home at 8204 Moorland Lane in Maryland beginning on May 1, 2004. At the time, plaintiff was the sole custodial parent of his under aged, minor daughter, Rebecca Mead.

5.    Defendants Mahaffey and Roudi did not reply to Plaintiffs' request. Defendants Weichert Realtors and Sheeran did not consent. Attorney Alan Frankle replied that plaintiff was not protected under Title VIII of the Federal Housing Act "on the basis of race, creed, color, sex or national origin" (see Exhibit 5 attached herein).

6.    Apparently, defendants' counsel is not fully aware of Title VIII of the Federal Housing Act law. In 1988, Congress Amended Title VIII of the law to include "Familial Status" as a protected class. The central intent of the 1988 legislation was to protect families with children under 18 years old. Plaintiff and his minor daughter were clearly a family with protections afforded under the Title VIII statute as Amended.

## CERTIFICATE OF SERVICE
## OPPOSITION OF MOTIONS TO DISMISS

I HEREBY CERTIFY that on the April 7, 2006 a true copy of the foregoing was mailed, first class, postage pre-paid, to the following person(s):

Sue Ann Mahaffey
Stein, Sperling and Bennett
25 West Middle Lane
Rockville, Maryland, 20850

Santiago Ricardo Narvais,
Lawyer for Shahram Roudi
1300 Spring Street, Suite 500
Silver Spring, Md., 20910

Chao W. Chen
258 B. Market Street East
Gaithersburg, Maryland 20878

Robert Gill Saul Ewing, LLP
Lawyer for Kathleen Sheeran
and Weichert Realtors
1025 Thomas Jefferson St. N.W.
Washington, D.C. 20007

Brian Murphy
Lawyer for Nasser Shahparast
1912 Sunderland Place, N.W.,
Washington, D.C. 20036-1608

Royal Investment Group LLC
a/k/a Foreclosure Real Estate Services
c/o Md. Dept. Taxation & Assessments
301 West Preston Street, room 801
Baltimore, Md., 21201-2395

Timothy Crowley and Kathy Tiong
Remax Realtors
6 Montgomery Village Avenue #200
Gaithersburg, Maryland 20879.

Alan Frankle, Lawyer
Lawyer for Yona Mead
751 Rockville Pike # 7
Rockville, Md., 20852

Parcorp Services/Michael Jagoda
931 West 75th Street, #137-317
Naperville, Illinois 60565-7202

DAVID MEAD

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA CIVIL DIVISION

| | | |
|---|---|---|
| David Mead | ) | |
| 8204 Moorland Lane | ) | |
| Bethesda, Maryland, 20817 | ) | |
| | ) | Case Number 05CV02316 |
|     Plaintiff, Pro Se | ) | |
| | ) | |
| Jenise McRae | ) | |
| 1814 North Capitol St., N.W. #3 | ) | (EGS) |
| Washington, D.C. 20001 | ) | |
| | ) | |
|     Plaintiff, Pro Se | ) | |
| vs. | ) | |
| | ) | |
| Sue Ann Mahaffey, et al. | ) | |
| | ) | |
|     Defendant | ) | |

## ORDER DENYING MOTIONS TO DISMISSS

UPON CONSIDERATION of Plaintiffs Opposition to defendant(s) Motions to Dismiss for Lack of Subject Matter Jurisdiction and the Federal Questions established under the Federal Civil Rights Act, 42 U.S.C., 1985; the Federal Declaratory Judgment Act, 28 U.S.C., 2201 and 2202; the Federal Bankruptcy Act, 11 U.S.C., 26; Title VIII Federal Housing Act of 1968 as Amended, and the 1990 Congressional "Supplemental Jurisdiction in the original complaint, it is this _____day of _____, 2006 by the United States District Court for the District of Columbia

ORDERED, that defendant's motions to dismiss for lack of subject matter jurisdiction is hereby denied, and it is further,

ORDERED, that Plaintiff has sufficiently established Federal Jurisdiction under Federal Civil Rights Act, 42 U.S.C. 1985; the Federal Declaratory Judgment Act, 28

U.S.C. 2201, 2202; the Federal Bankruptcy Act, 11 U.S.C. 26; and Title VIII Federal

Housing Act of 1968 as Amended in 1988, and it is further,

      ORDERED, that pendent jurisdiction is extended to state claims under Counts

Counts I, II and IV in the original complaint.


                             _____

                             **EMMET G. SULLIVAN, JUDGE**
                             United States District Court for the
                             District of Columbia


Copies to:


Sue Ann Mahaffey
Stein, Sperling and Bennett
25 West Middle Lane
Rockville, Maryland, 20850

Santiago Ricardo Narvais,
Lawyer for Shahram Roudi
1300 Spring Street, Suite 500
Silver Spring, Md., 20910

Chao W. Chen
258 B. Market Street East
Gaithersburg, Maryland 20878

Robert Gill Saul Ewing, LLP
Lawyer for Kathleen Sheeran
and Weichert Realtors
1025 Thomas Jefferson St. N.W.
Washington, D.C. 20007

Brian Murphy
Lawyer for Nasser Shahparast
1912 Sunderland Place, N.W.,
Washington, D.C. 20036-1608

Royal Investment Group LLC
a/k/a Foreclosure Real Estate Services
c/o Md. Dept. Taxation & Assessments
301 West Preston Street, room 801
Baltimore, Md., 21201-2395

Timothy Crowley and Kathy Tiong
Remax Realtors
6 Montgomery Village Avenue #200
Gaithersburg, Maryland 20879.

Alan Frankle, Lawyer
Lawyer for Yona Mead
751 Rockville Pike # 7
Rockville, Md., 20852

Parcorp Services/Michael Jagoda
931 West 75th Street, #137-317
Naperville, Illinois 60565-7202

# EXHIBIT 1

# David Mead
## P.O. Box 30006, Bethesda, Md. 20824
## 8204 Moorland Lane, Bethesda, Md. 20817
## 301. 656. 2516 (o) 301.656.1593 (f)david.mead@comcast.net

---

### VIA FACSIMILE 301 /838. 3250

March 12 , 2006

Ms. S.A. Mahaffey
Stein, Sperling, Bennett, etc.
25 West Middle Lane
Rockville, Maryland 20850

Re:    Federal District Court # 1:05CV02316

Dear Ms. Mahaffey:

It has been fifty-one days since I requested a reply to a number of items that I have communicated to you. On January 5 and 10, 2006, you mentioned that you were making "repairs" to my home. I asked you about the nature of those repairs and if they were the result of damage to my home? If they were damages, did you report to the insurance company? I would appreciate the courtesy of a response by way of a clear explanation. I also requested some than thirty days ago that we set a time and place to discuss scheduling and planning issues. I have yet to hear back from you.

I am also making an additional request at this time. It is my intention to add an additional federal law violation that was not cited as a jurisdictional basis in the original complaint, namely Title VIII of the Federal Fair Housing Act of 1968 and Amendments. The violations occurred during the attempted sale of my home which is fully set forth in the original Complaint. I realize that it is improbable for you to extend any cooperation given the past four years of opposition, but I believe some effort should be made to avoid protracted and wasteful activity by another round of Motions and Oppositions.

Finally, neither you nor any of your co-defendants have filed Answers to the complaint which was filed over three months ago. Please advise me of your intentions in that regard.

Sincerely,

David Mead

# EXHIBIT 2

# David Mead
## P.O. Box 30006, Bethesda, Md. 20824
## 8204 Moorland Lane, Bethesda, Md. 20817
## 301. 656. 2516 (o) 301.656.1593 (f)david.mead@comcast.net

March 12 , 2006

Santiago Narvais
1300 Spring Street, # 500
Silver Spring, Maryl;and 20910

Re:    Shahram Roudi
Federal District Court # 1:05CV02316

Dear Mr. Narvais:

I have duly noted that you assumed representation of Shahram Roudi in the above referenced action. In that regard, I will be directing all future legal communication to your attention rather than to your client.

I am writing to you because under the federal rules, counsel are encouraged to convene early to discuss scheduling and planning issues. Since the case was filed on December 1, 2005, I believe it is time that we communicate about setting a date, time and venue for such a meeting. Please let me know some of your available dates and times over the next couple of weeks so we can schedule a meeting.

On another matter, I would like to call to your attention that I plan to add an additional federal law violation that was not cited as a jurisdictional basis in the original complaint, namely Title VIII of the Federal Fair Housing Act of 1968 and Amendments. The violations occurred during the attempted sale of my home which is fully set forth in the original Complaint. Your client was not directly involved in those violations and is not liable under the Statute. Therefore, I am seeking your consent to Amend the complaint by adding the above statute as a jurisdictional basis.

Finally, I note that you have not filed an Answer to the Complaint. Please advise me of your intentions in that regard. Thank you for your time and cooperation.

Sincerely,

# EXHIBIT 3

# David Mead
## P.O. Box 30006, Bethesda, Md. 20824
## 8204 Moorland Lane, Bethesda, Md. 20817
## 301. 656. 2516 (o) 301.656.1593 (f)david.mead@comcast.net

---

<u>VIA FACSIMILE 2202/295. 6705</u>

March 12 , 2006

Mr. Robert Gill
Saul Ewing, LLP
1025 Thomas Jefferson St., N.W. #425 West
Washington, D.C. 20007

Re:    Federal District Court # 1:05CV02316

Dear Mr. Gill:

I am writing to you because under the federal rules, counsel are encouraged to convene early to discuss scheduling and planning issues. Since this case was filed on December 1, 2005, I believe it is time that we communicate about setting a date, time and place for such a meeting. Please let me know some of your available dates and times over the next couple of weeks so that we can schedule a meeting.

On another matter, I would like to call to your attention that I plan to add an additional federal law violation not cited as a jurisdictional basis in the original complaint, namely Title VIII of the Federal Fair Housing Act of 1968 and Amendments. The violations occurred during the attempted sale of my home which is fully set forth in the Complaint. Your clients were directly involved in those violations. I am seeking your consent to Amend the complaint by adding the above statute as a jurisdictional basis. I realize that your clients or perhaps you are not inclined to extend any cooperation, but I believe some effort should be made on counsel's part from time to time to avoid yet another round of Motions and Oppositions and Memorandums.

Finally, I note that you have not filed an Answer to the Complaint. Please advise me of your intentions in that regard. Thank you.

Sincerely,

David Mead

# EXHIBIT 4

# David Mead
## P.O. Box 30006, Bethesda, Md. 20824
## 8204 Moorland Lane, Bethesda, Md. 20817
## 301. 656. 2516 (o) 301.656.1593 (f)david.mead@comcast.net

<u>**VIA FACSIMILE 301/294. 0508**</u>

March 12 , 2006

Mr. Alan Frankle
751 Rockville Pike, Suite 7
Rockville, Maryland 20852

Re:    Federal District Court # 1:05CV02316

Dear Mr. Frankle:

I am writing to you because under the federal rules, counsel are encouraged to convene early to discuss scheduling and planning issues. Since this case was filed on December 1, 2005, I believe it is time that we communicate about setting a date, time and venue for such a meeting. Please let me know some of your available dates and times over the next couple of weeks so that we can schedule a meeting.

On another matter, I would like to call to your attention that I plan to add an additional federal law violation not cited as a jurisdictional basis in the original complaint, namely Title VIII of the Federal Fair Housing Act of 1968 and Amendments. The violations occurred during the attempted sale of my home which is fully set forth in the Complaint. Your client was not directly involved in those violations and thus not liable under the Statute. Therefore, I am seeking your cooperation and consent to Amend the complaint by adding the above statute as a jurisdictional basis. I realize that your client or you are not inclined to extend any cooperation, but I believe some effort should be made on counsel's part to avoid protracted and wasteful activity with yet another round of Motions and Oppositions and Memorandums.

Finally, I note that you have not filed an Answer to the Complaint. Please advise me of your intentions in that regard. Thank you.

Sincerely,

David Mead

# EXHIBIT 5

ALAN B. FRANKLE

ATTORNEY AT LAW

751 ROCKVILLE PIKE

SUITE 7

ROCKVILLE, MD 20852-1142

TELEPHONE: (301) 217-0505   FAX: (301) 294-0508

March 13, 2006

Mr. David Mead
P. O. Box 30006
Bethesda, MD 20824

Re: Response to your letter of March 12, 2006

Dear Mr. Mead:

I am in receipt of your letter of March 12, 2006 concerning your intention to amend the complaint you filed with the United States District Court for the District of Columbia.

As I do not believe that you are a person who is protected under the Federal Fair Housing Act, I cannot consent to any action that you may take based upon these statutes that were intended to protect persons who are discriminated against on the basis of race, creed, color, sex or national origin.

Sincerely,

Alan B. Frankle