UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

DAVID MEAD                           )
8204 Moorland Lane                   )
Bethesda, Maryland, 20817            )
                                     )
            Plaintiff, Pro Se        )      Case Number 05CV02316
                                     )
Vs.                                  )      (EGS)
                                     )
Sue Ann Mahaffey, et al.             )
                                     )
            Defendant                )
                                     )

## MOTION FOR LEAVE TO AMEND COMPLAINT

Pursuant to LCvR 15(a) and (b) of the Local Rules the Federal Rules of Civil Procedure and this Court's inherent authority, Plaintiff David Mead hereby moves this Honorable Court for Leave to Amend the complaint. The Second Amended complaint is necessary to: (1) expressly establish violations of the Federal Fair Housing Act of 1968 Title VIII as Amended in 1988 by defendants' discriminating against plaintiff and violating plaintiff's civil rights in the sale of his family home at 8204 Moorland Lane, Bethesda, Maryland; (2) to express and to make clear that plaintiff was an adult with legal custody of a minor daughter at the time that plaintiffs' civil rights were violated (see Judgment of Absolute Divorce dated March 7, 2002, Circuit Court for Montgomery County attached as Exhibit 1); (3) to further establish the substantive jurisdictional basis of this complaint by articulating the violations of the Federal Fair Housing Act of 1968 Title VIII as Amended in 1988 in the section I JURISDICTION of the original and First Amended Complaint.

RECEIVED
APR 1 9 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Respectfully submitted,

_____
David Mead
8204 Moorland Lane, Bethesda, Md. 20817
P.O. Box 30006 Bethesda, Md. 20824
301/ 656. 2516 (o) 301/656.1593 (f)

## CERTIFICATE OF SERVICE
## MOTION FOR LEAVE TO AMEND COMPLAINT

I hereby certify that on the April 19, 2006 I mailed a true copy of the Motion for Leave to Amend Complaint with Points and Authorities and proposed Order to:

Sue Ann Mahaffey
Stein, Sperling and Bennett
25 West Middle Lane
Rockville, Maryland, 20850

Santiago Ricardo Narvais,
Lawyer for Shahram Roudi
1300 Spring Street, Suite 500
Silver Spring, Md., 20910

Chao W. Chen
258 B. Market Street East
Gaithersburg, Maryland 20878

Brian Murphy
Lawyer for Nasser Shahparast
1912 Sunderland Place, N.W.,
Washington, D.C. 20036-1608

Michael Jagoda/Parcorp Services Ltd.
931 West 75th Street, #137-317
Naperville, Illinois 60565-7202

Royal Investment Group LLC
a/k/a Foreclosure Real Estate Services
c/o Md. Dept. Taxation & Assessments
301 West Preston Street, room 801
Baltimore, Md., 21201-2395

Timothy Crowley, Kathy Tiong
Remax Realtors
6 Montgomery Village Ave. #200
Gaithersburg, Maryland 20879.

Alan Frankle, Lawyer
Lawyer for Yona Mead
751 Rockville Pike # 7
Rockville, Md., 20852

Robert Gill, Saul Ewing, LLP
Lawyer for Kathleen Sheeran
and Weichert Realtors
1025 Thomas Jefferson St. N.W. 425West
Washington, D.C. 20007

_____
DAVID MEAD

# MEMORANDUM OF POINTS AND AUTHORITIES
# IN SUPPORT OF MOTION FOR LEAVE TO SECOND AMEND COMPLAINT

## I.  Factual Background

Plaintiff David Mead filed the original Complaint against Defendants Sue Ann Mahaffey et al on December 1, 2006.

On January 27, 2006, plaintiff filed a Motion for Leave to Amend the Complaint to include Jenise McRae as an additional plaintiff, and to provide the court with the correct name and address of Royal Investment Group, LLC's principal (a/k/a Foreclosure Real Estate Services, LLC) falsely stated by Royal Investment Group to the Maryland Department of Taxation and Assessments. There were no changes to the text of the complaint other than to clarify in section I JURISDICTION that the jurisdictional basis also included 42 U.S.C. 1985; 28 U.S.C. 2201 and 2202; 11 U.S.C. 46 Supplemental Jurisdiction and that the substantive matter exceeded $50,000.

The current Motion for Leave to Amend the Complaint is made to properly articulate The Federal Fair Housing Act of 1968 Title VIII as Amended in 1988 as an additional jurisdictional basis to section I JURISDICTION of the Original and Amended Complaint. There are no changes to the text of the original or amended Complaint other than to clarify in I JURISDICTION that jurisdiction includes The Federal Fair Housing Act of 1968 Title VIII as Amended in 1988 as an additional jurisdictional basis.

## II.  Argument

**The Motion for Leave to Second Amend the Complaint Should be Granted.**

1. Rule LCvR 15(a) and (b) of the Local Rules the Federal Rules of Civil Procedure provides that pleadings can be Amended by Leave of Court and that leave shall be freely given when justice so requires. The Second Amended Complaint fully expresses the jurisdictional basis for bringing the complaint without altering or changing in any way the substantive facts, Counts One through Five, or the text except to fully articulate the substantive jurisdictional basis for bringing the Complaint. In so doing, justice will be better served.

2. On March 12, 2006, Plaintiff requested the defendants consent to add Title VIII of the Federal Housing Act of 1968 as Amended in 1988 as an additional jurisdictional basis. The violations to Title VIII of the Federal Housing Act were overlooked as a jurisdictional basis at the time of filing the original complaint, but the substantive grounds thereof were fully established and set forth in Counts One, Two and Five of the Original and Amended Complaint.

3. Defendants Mahaffey and Roudi ignored plaintiffs' request. Defendants Weichert Realtors and Sheeran did not consent. Attorney Alan Frankle replied that plaintiff was not protected under Title VIII of the Federal Housing Act. Apparently, defendants' counsel was not aware that Title VIII of the Federal Housing Act was Amended in 1988 to include "Familial Status" as a protected class. The central intent of the 1988 legislation was to protect families with children under 18 years old. Plaintiff and his minor daughter were clearly a family with protections afforded under the Title VIII statute as Amended.

4. The violations to Title VIII of the Federal Housing Act of 1968 as Amended occurred when defendants did fraudulently act to sell plaintiffs' home at

8204 Moorland Lane, Md. to any person or entity other than to the plaintiff by overtly discriminating against him and his daughter, and by violating his civil rights under Title VIII of the Federal Housing Act of 1968 as Amended. At the time, plaintiff was the residential custodial parent of his minor daughter, Rebecca Mead.

5. Count One, Two and Five of the Complaint fully set forth the overt and extensive violations under Title VIII of the Federal Housing Act of 1968 as Amended. Defendants Mahaffey, Weichert, Sheeran and others clearly and repeatedly discriminated against the plaintiffs' family in the purchase of his family home at 8204 Moorland Lane, Bethesda, Md.

### III. Conclusion

For the foregoing reasons, the Court should grant plaintiffs' current Motion for Leave to Amend the Complaint

Respectfully submitted,

_____
David Mead
8204 Moorland Lane, Beth. Md. 20817
P.O. Box 30006 Bethesda, Md. 20824
301/ 656. 2516 (o) 301/656.1593 (f)

# EXHIBIT 1

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

YONA MEAD                         :
                                  :
    Plaintiff                     :
                                  :
vs.                               :   Family Law No. 13261
                                  :
DAVID R. MEAD                     :
                                  :
    Defendant                     :

### JUDGMENT OF ABSOLUTE DIVORCE

This cause being presented for determination, testimony having been taken and other evidence having been received before the undersigned Judge of this Court on February 4 and 5, 2002, and the matter having been fully considered, it is this _1st_ day of _March_, 2002, by the Circuit Court for Montgomery County, Maryland,

**ADJUDGED**, that the plaintiff, **YONA MEAD**, be and she is hereby granted an absolute divorce from the defendant, **DAVID MEAD**; and it is further

**ORDERED**, that the Order entered by this Court on May 15, 2001, concerning legal and residential custody, access, and use and possession of the family home, be and the same is hereby affirmed; and it is further

**ORDERED**, that, both parties having waived alimony, the issue is determined to be and is hereby moot; and it is further

**ORDERED**, that Plaintiff's claim for a monetary award be and the same hereby is **GRANTED** in the amount of Nine Hundred and Six

ENTERED
MAR 07 2002
Clerk of the Circuit Court
Montgomery County, Md.

1

Dollars ($ 906.00), said amount to be transferred from Plaintiff to Defendant within Thirty (30) days from the date of this Judgment; and it is further

ORDERED, that the following jointly owned real property be and is hereby to be immediately sold and the proceeds to be divided equally between the parties:

    a. 223 Rittenhouse Street, N.W. Washington, D.C.
    b. 5004 Brook Street, N.E., Washington, D.C.
    c. 1643 North Jersey Avenue, N.W., Washington, D.C.
    d. 1812 & 1814 North Capitol Street, N.W., Washington, D.C.; and it is further

ORDERED, that the jointly owned real property known as 8204 Moorland Lane, Bethesda, Maryland be sold on May 1, 2004, and the proceeds to be divided equally between the parties; and it is further

ORDERED, that Sue A. Mahaffey, Esquire, 25 West Middle Lane, Rockville, Maryland 20850, (301) 838-3219, shall be and is hereby appointed as Trustee to sell the aforementioned jointly owned real property; and it is further

ORDERED, that, pursuant to and in conjunction with her appointment as Trustee, Ms. Mahafey shall immediately take into her custody, control and management the aforesaid real properties pending their sale and distribution of proceeds and shall perform all duties necessary and attendant to the

ENTERED
MAR 07 2002
Clerk of the Circuit Court
Montgomery County, Md

2

administration and preservation of the aforesaid properties pursuant to their sale, including but not limited to, the following:

    a. Receive and collect the aforesaid real properties including, but not limited to, receiving and collecting the rents received therefrom, and ensuring that the mortgages, utilities, taxes and other attendant expenses related to the properties due and payable upon each are paid in a timely fashion;

    b. Care for, administer, and dispose of the aforesaid real properties;

    c. Employ, without prior approval of Court, any such professionals as she, in her sole discretion, deems to be necessary and appropriate in order to carry out her duties as Trustee;

    d. File any and all such accountings which may, from time to time, be required by this Court; and it is further

    ORDERED, effective immediately and until such time as each of the respective properties are sold and the proceeds therefrom are distributed, the Parties are enjoined from acting in any manner which would and/or might serve to dissipate the assets represented by the aforesaid properties; and it is further

ENTERED
MAR 07 2002
Clerk of the Circuit Court
Montgomery County, Md.

**ORDERED**, that the appointment of the above-named Trustee shall be and is hereby **STAYED** for thirty (30) days following the entry of this Judgment; and it is further

**ORDERED**, that jurisdiction shall be and is hereby reserved until such time as all the foregoing real property is sold and the proceeds have been divided between the parties; and it is further

**ORDERED**, that Plaintiff shall receive fifty per cent (50%) of the marital portion of the following retirement plan "if, as and when" Defendant receives his share of this plan:

    a. Defendant's Retirement Plan, State Of Maryland

**ORDERED**, that Plaintiff shall receive fifty per cent (50%) as of the date of this Judgment of Absolute Divorce of the following 401K Plan:

    a. Defendant's 401K Plan, State Of Maryland

**ORDERED**, that Defendant shall receive fifty per cent (50%) of the marital portion of the following retirement plan "if, as and when" Plaintiff receives her share of this plan:

    a. Plaintiff's Retirement Plan, Red Cross

**ORDERED**, that jurisdiction shall be and is hereby reserved for the receipt, entry, alteration and/or amendment by this Court of any appropriate Order(s) pertaining to retirement benefits; and it is further

ENTERED
MAR 07 2002
Clerk of the Circuit Court
Montgomery County, Md

4

**ORDERED**, plaintiff shall pay to the Defendant the amount of Four Hundred Thirty Nine Dollars ($439.00), commencing and accounting from March 1, 2002, for the support of the minor child of the parties, Rebecca Faye Mead, date of birth July 7, 1986; and it is further

**ORDERED**, a child support arrearage exists from the ten (10) month period beginning May 1, 2001, and ending February 28, 2002, in the amount of Three Thousand Two Hundred and Sixty Dollars ($3,260.00) (said amount representing a monthly child support obligation of Three Hundred Twenty Six ($326.00) for the aforesaid ten (10) month period); and it is further

**ORDERED**, that in addition to the foregoing child support amount, commencing and accounting from March 1, 2002, plaintiff shall make payments to the Defendant in the amount of One Hundred Fifty Dollars ($150.00) per month towards the aforesaid arrearage until such time as this arrearage is satisfied; and it is further

**ORDERED**, that Defendant shall keep his current health insurance or comparable policy in effect for the minor child of the parties, until such time as the child reaches her eighteenth (18th) birthday; and it is further

**ORDERED**, that both parties' requests for attorneys fees shall be and are hereby **DENIED**; and it is further

ENTERED
MAR 07 2002
Clerk of the Circuit Court
Montgomery County, Md.

5

**ORDERED**, that any outstanding costs of these proceedings are hereby assessed equally to the parties.

                                                                  _____
                                                                  JUDGE, Circuit Court for
                                                                  Montgomery County, Maryland

**ENTERED**

MAR 0 7 2002

Clerk of the Circuit Court
Montgomery County, Md

6