UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
DAVID MEAD,                    )
                               )
            Plaintiff,         )
                               )
                               )   Civ. No. 05-2316 (EGS)
       v.                      )
                               )
SUE ANN MAHAFFEY, et al.,      )
                               )
            Defendants.        )
_____)
```

**ORDER**

This case arises from a series of real estate transactions involving plaintiff David Mead and defendants who are real estate agents, brokers, potential buyers, and others[1]. Pending before the Court are plaintiff's Motion for Leave to Amend the Complaint, plaintiff's second Motion for Leave to Amend the Amended Complaint, and the defendants' respective motions to dismiss the original complaint and the amended complaint[2]. Upon

---

[1] Defendants are as follows: Sue Ann Mahaffey; Shahram Roudi; Chao W. Chen; Weichert Realtors, Inc.; Kathleen Sheeran; Michael J. Jagoda; Nasser Shahparast; Royal Investment Group LLC; Timothy Crowley; Kathleen Tiong; and Yona Mead.

[2] Specifically, defendant Mead's Motion to Dismiss (Dkt No. 3); defendant Mahaffey's Motion to Dismiss (Dkt No. 4); Defendant Chen's Answer/Motion to Dismiss (Dkt No. 6); defendant Roudi's Motion to Dismiss (Dkt No. 12); defendant Sheeran's Motion to Dismiss (Dkt No. 15); defendant Mead's Motion to Dismiss the Amended Complaint (Dkt No. 30); and defendant Royal Investment Group LLC's Motion to Dismiss the Amended Complaint (Dkt No. 31).

careful consideration of the motions, the responses and replies thereto, the Court concludes that justice does not so require the plaintiff to be permitted leave to amend his complaint for the proposed amended complaints[3] fail to cure the defect of his original complaint, namely that the Court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 15; 28 U.S.C. § 1332.

It is apparent on the face of the original complaint that the Court lacks subject matter jurisdiction for there is a lack of diversity of citizenship among the plaintiff and the defendants. *See* 28 U.S.C. § 1332.  Plaintiff is a resident of Maryland and at least five of the eleven named defendants are also residents of Maryland. *See* Compl. ¶¶ 3, 6, 8, 10, 11, 12. In order for this Court to exercise its diversity jurisdiction, there must be complete diversity, meaning the plaintiff must be diverse from all defendants. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996).

Further, despite plaintiff's repeated attempts to cure the jurisdictional defect of his original complaint, the plaintiff has failed to do so.  The Court finds that the proposed addition of Jenise McRae as a plaintiff in this case does not repair the lack of jurisdiction for federal statutory claims asserted by plaintiff McRae do not arise out of the same cause of action and

---

[3] The proposed second amended complaint also fails to cure the defect.

are not related to plaintiff Mead's claims.  In order to invoke the federal question of this Court, plaintiff Mead attempts to bootstrap his claims to plaintiff McRae's 42 U.S.C. § 1985 claims, however, that is unavailing.  Jurisdiction to hear plaintiff Mead's claims before this Court continues to rest solely on its diversity jurisdiction.

Additionally, plaintiff's proposed amendment of his fifth claim under the Declaratory Judgment Act, 28 U.S.C. § 2201-02, does not remedy the jurisdictional deficiency, either.  By enacting the Declaratory Judgment Act, "Congress enlarged the range of remedies available in the federal courts, but did not extend their jurisdiction." *Skelly Oil Co., v. Phillips Petroleum Co.,* 339 U.S. 667, 671 (1950).  Therefore, the operation of the Act is procedural only. *Id*.  The requisites of jurisdiction must independently be satisfied in order to seek the types of remedy available under the Act.  Accordingly, it is hereby

**ORDERED** that plaintiff's Motion for Leave to Amend the Complaint (Dkt No. 19) is **DENIED;** and it is

**FURTHER ORDERED** that plaintiff's second Motion for Leave to Amend the Complaint (Dkt No. 37) is **DENIED;** and it is

**FURTHER ORDERED** that defendant Mead's Motion to Dismiss (Dkt No. 3), defendant Mahaffey's Motion to Dismiss (Dkt No. 4), Defendant Chen's Motion to Dismiss (Dkt No. 6), defendant Roudi's Motion to Dismiss (Dkt No. 12), and defendant Sheeran's Motion to

Dismiss (Dkt No. 15) are **GRANTED**; and it is

**FURTHER ORDERED** that defendant Mead's Motion to Dismiss the Amended Complaint (Dkt No. 30) and defendant Royal Investment Group LLC's Motion to Dismiss the Amended Complaint (Dkt No. 31) are **DENIED as MOOT**; and it is

**FURTHER ORDERED** that plaintiff Mead's claims against defendants Sue Ann Mahaffey, Shahram Roudi, Chao W. Chen, Weichert Realtors, Inc., Kathleen Sheeran, Michael J. Jagoda, Nasser Shahparast, Royal Investment Group LLC, and Yona Mead are **DISMISSED with prejudice**; and it is

**FURTHER ORDERED** that the default judgments entered against defendants Kathy Tiong and Timothy Crowley on February 22, 2006, are **VACATED**, and the plaintiff's claims against them are **DISMISSED with prejudice**.

SO ORDERED.


**SIGNED:**     **EMMET G. SULLIVAN**
               **UNITED STATES DISTRICT COURT**
               **MAY 9, 2006**